# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA DISNEY,<br><br>   Plaintiff,<br><br>   v.<br><br>KENWORTH and DOES 1 through 50, inclusive,<br><br>   Defendants. | 1:12-cv-00484 AWI GSA<br><br>**ORDER TO SHOW CAUSE** |

　　　Following removal from state court in March 2012, this case was set for an Initial Scheduling Conference on May 31, 2012, at 10:00 a.m. in Department 10 of this Court. (*See* Doc. 5.)

　　　On April 4, 2012, Defendant Paccar, Inc., erroneously sued as Kenworth, filed a Motion to Dismiss. (Doc. 10.) No other named defendants had been served with the summons or complaint.

　　　On April 25, 2012, Plaintiff Theresa Disney filed a First Amended Complaint alleging strict liability and negligence causes of action. No new defendants were named in the amended complaint. (Doc. 12.) The following day, Defendant withdrew its motion. (*See* Doc. 13.)

1

1  On May 14, 2012, Defendant filed a second Motion to Dismiss, seeking relief in the form
2 of a dismissal of Plaintiff's amended complaint.  The motion was to be heard before District
3 Judge Anthony W. Ishii on June 18, 2012.  (Doc. 14.)
4  On May 15, 2012, the undersigned issued a minute order, continuing the Initial
5 Scheduling Conference to July 18, 2012, at 9:00 a.m. in Courtroom 10, due to the then-pending
6 motion to dismiss.  Additionally, the minute order indicated a joint scheduling report was to be
7 filed no later than seven days prior to the conference.  (*See* Doc. 15.)
8  On June 6, 2012, Plaintiff submitted a Request for Dismissal of Defendant Kenworth
9 only, without prejudice.  On June 7, 2012, Judge Ishii ordered that Defendant Kenworth be
10 dismissed from the action.  (Doc. 19.)
11  Plaintiff has failed to file a scheduling report as previously ordered.  The report was to be
12 filed no later than July 11, 2012.

**DISCUSSION**

14  Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules
15 or with any order of the Court may be grounds for imposition by the Court of any and all
16 sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
17 control their dockets and "in the exercise of that power, they may impose sanctions including,
18 where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
19 Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute
20 an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v.*
21 *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*
22 *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
23 order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
24 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
25 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
26 for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In light of the foregoing failure, the Initial Scheduling Conference set for July 18, 2012, at 9:00 a.m., is **VACATED**.  Instead, Plaintiff's counsel SHALL personally appear on **August 3, 2012, at 10:00 a.m. in Courtroom 10** before the undersigned, to show cause, if any, why this action should not be dismissed for a failure to follow a Court order.  Failure to appear at the Order to Show Cause hearing may also result in dismissal of this action.

Lastly, Plaintiff is cautioned that the 120-day deadline pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is fast approaching.  Thus, counsel should be prepared to advise the Court regarding the status of service of the summons and First Amended Complaint during the aforementioned hearing.

IT IS SO ORDERED.

Dated:   **July 12, 2012**                          /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE