# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA DISNEY,<br><br>    Plaintiff,<br><br>v.<br><br>KENWORTH and DOES 1 through 50, inclusive,<br><br>    Defendants. | 1:12-cv-00484 AWI GSA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND EXTENSION OF TIME TO SERVE**<br><br>(Docket Entry Nos. 21 & 26) |

**PROCEDURAL BACKGROUND**

Following removal from state court in March 2012, this case was set for an Initial Scheduling Conference on May 31, 2012, at 10:00 a.m. in Courtroom # 10 of this Court. (*See* Doc. 5.)

On April 4, 2012, Defendant Paccar, Inc., erroneously sued as Kenworth, filed a Motion to Dismiss. (Doc. 10.) No other named defendants had been served with the summons or complaint.

On April 25, 2012, Plaintiff Theresa Disney filed a First Amended Complaint alleging strict liability and negligence causes of action. No new defendants were named in the amended

1

complaint. (Doc. 12.)  The following day, Defendant withdrew its motion. (*See* Doc. 13.)

On May 14, 2012, Defendant filed a second Motion to Dismiss, seeking relief in the form of a dismissal of Plaintiff's amended complaint.  The motion was to be heard before District Judge Anthony W. Ishii on June 18, 2012.  (Doc. 14.)

On June 6, 2012, Plaintiff submitted a Request for Dismissal of Defendant Kenworth only, without prejudice.  On June 7, 2012, Judge Ishii ordered that Defendant Kenworth be dismissed from the action.  (Doc. 19.)

On July 18, 2012, Plaintiff filed a motion to amend the complaint.  As no defendants have appeared, no opposition was filed. That matter was set to be heard August 10, 2012.  (Doc. 21.) For the reasons given below, the Court grants Plaintiff's motion.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff filed a First Amended Complaint on May 14, 2012, thus, leave of Court is required. (Doc. 14.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> ***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The United States Supreme Court has stated that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

1    This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon,*
2  *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). The Ninth Circuit has summarized
3  the factors to be considered by the court to include: (1) undue delay; (2) bad faith; (3) prejudice
4  to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743
5  F.2d 1310, 1319 (9th Cir. 1984). However, not all of these factors merit equal weight. *Eminence*
6  *Capital, LLC, v. Aspeon, Inc.*, 316 F.3d at 1052. It is the consideration of prejudice that carries
7  the greatest weight. *Id*. Absent prejudice, or a strong showing of the remaining factors, there is a
8  presumption in favor of granting leave to amend. *Id*.

9    The Court has examined all of the factors listed above. Plaintiff's amendments appear
10 reasonable and seek to name the proper defendant. Plaintiff seeks to add Capacity of Texas, Inc.
11 as a proper defendant on the basis that they are the manufacturer of the truck which caused
12 Plaintiff's injuries. There is no indication that this amendment will cause undue delay or that it
13 will cause prejudice to Defendants. Similarly, there is nothing to suggest that the amendment
14 was made in bad faith. Therefore, leave to amend will be granted.

15    Further, once the Second Amended Complaint is filed, Plaintiff is entitled to an
16 additional 120 days to effect service of process. Fed. R. Civ. P. 4(m); *see City of Merced v.*
17 *Fields*, 997 F.Supp. 1326, 1337-39 (E.D. Cal. 1998); *see also*, *Del Raine v. Carlson*, 153 F.R.D.
18 622, 628 (S.D. Ill. 1994) (the addition of new parties in an amended complaint initiates a new
19 120-day timetable as to the added parties).

20 //
21 //
22 //
23 //
24 //
25 //
26 //

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED. The Clerk of the Court is directed to file the Second Amended Complaint. Because the Court has granted Plaintiff's motion, it will not address Plaintiff's alternative argument. Finally, Plaintiff's request filed August 3, 2012 (Doc. 26) is rendered moot by this Order.

IT IS SO ORDERED.

Dated:   **August 8, 2012**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

4