IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA DISNEY,<br><br>    **Plaintiff**,<br><br>  v.<br><br>KENWORTH and DOES 1 through 50, inclusive,<br><br>    **Defendant**s. | 1:12-CV-0484 AWI GSA<br><br>MEMORANDUM OPINION AND ORDER ON MOTION OF DEFENDANT CAPACITY OF TEXAS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>**Doc. # 34** |

    This is an action in diversity for damages by plaintiff Theresa Disney ("Plaintiff") against defendant Capacity of Texas, Inc. ("Defendant"), who allegedly manufactured the type of truck that Plaintiff was using when she suffered a slip and fall resulting in personal injury. The currently-operative pleading in this case is Plaintiff's Second Amended Complaint ("SAC") which alleges two claims for relief; a claim for strict product liability and a claim for negligence. The only defendant named in the original complaint and Plaintiff's First Amended Complaint, Kenworth, Inc., was voluntarily dismissed on June 7, 2012. Plaintiff's SAC names Capacity of Texas as the sole defendant in this action based on Plaintiff's understanding that it was Capacity of Texas, not Kenworth, that manufactured the truck that was in use by Plaintiff at the time of her injury (hereinafter, the "Subject Truck"). Currently before the court is Defendant's motion to dismiss Plaintiff's FAC, or, in the alternative, for a more definite statement (the "Motion"). Jurisdiction exists pursuant to 28

U.S.C. § 1332.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At the time of the events giving rise to this action Plaintiff was an employed as a delivery driver for United Parcel Service ("UPS").  On February 23, 2010, Plaintiff was exiting the Subject Truck backward while holding onto a handlebar attached to the cabin of the vehicle.  As she stepped down onto a lower step, she slipped, fell and sustained injuries.  Plaintiff's SAC alleges that "Plaintiff is ignorant of the year and model of the truck," Doc. 29 at ¶ 9, however the SAC also alleges that "Defendant [. . .] manufactured, designed, assembled, sold, distributed, marketed, leased and/or otherwise placed the Subject Truck and/or its component parts into the stream of commerce."  Doc. # 29 at ¶.  Plaintiff's SAC alleges two features of the Subject Truck constitute unreasonable hazards for purposes of both the strict product liability claim and the negligence claim.  Plaintiff alleges that the step down from the cabin area "is designed such that it is dangerous to attempt to step down from the cabin area.  Said step is designed such that it is prone to becoming slippery so as to create an unreasonable risk of a slip and fall."  Doc. # 29 at ¶ 12(a).  The SAC also alleges that the safety handrail by the side of the stairs is discontinuous in such a way as to make it inherently unsafe in use.  Doc. # 29 at ¶ 12(b).

This action was originally filed on March 17, 2012, in the Fresno County Superior Court and was removed to this court on February 29, 2012, on the basis of diversity jurisdiction.  There is no contention that the change of defendant to Capacity of Texas, Inc. has invalidated the court's diversity jurisdiction.  Plaintiff's SAC was filed on August 27, 2012.  The instant motion to dismiss was filed on September 21, 2012.  Plaintiff's opposition was filed on October 11, 2012, and Defendant's reply was filed on October 22, 2012.  The matter was taken under submission without oral argument on October 29, 2012.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

2

can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Defendant's basic contention regarding Plaintiff's SAC is that Plaintiff has admitted that she does not know precisely which truck she was using when the injury occurred and

3

therefore cannot state a claim that sufficiently ties Defendant to the truck that caused her injury. Several points are immediately evident regarding both Plaintiff's SAC and Defendant's motion. First, Defendant has overstated its case. Defendant alleges that, to comply with the pleading requirements under Twombly, Plaintiff must allege facts "to support her conclusory allegation that defendant manufactured the truck. What was the make, model, year and vehicle number of the truck?" Doc. # 34 at 9:8-11. Defendant is attempting to conflate the idea of a "fact" with the *evidence* necessary to prove the fact. As Plaintiff argues, the allegation that Defendant manufactures trucks that UPS uses *and* that have unreasonably dangerous handrails and steps is a "fact" within the meaning of Twombly. The issue in this type of action is the whether the *design* of the *trucks* that Defendant makes and UPS uses is unreasonably inherently dangerous. The make, model and year of manufacture of a truck are evidentiary issues that may or may not be material to establishing liability, but Defendant provides no authority whatsoever to support the implied proposition that Plaintiff is burdened to prove that *a particular* truck was the cause of her injury.

That said, the court also observes that Plaintiff's SAC does a less-than-adequate job of setting out the basis for the causation element of Plaintiff's case. The logical progression of allegations to support Plaintiff's claim is obvious enough: (1) UPS buys many, most, or all of the type of delivery truck used by Plaintiff from Defendant; (2) the trucks manufactured by Defendant and used by Plaintiff in the course of her work use the same handrail and step design; (3) the design is inherently hazardous and uniquely characteristic of Defendants truck; (4) Plaintiff was injured as a result of the hazards inherent in the design. Unfortunately, the progression of allegations that would sufficiently link Defendant's truck to Plaintiff's injury are mostly unstated and therefore require inference. Defendants are therefore not without a legal basis with regard to their motion for a more definite statement.

The third, and most important, feature that is immediately evident with regard to Plaintiff's SAC and Defendant's motion to dismiss is that the proposition that underlies

4

Defendant's motion – that Plaintiff cannot prove the truck design that caused her injury is solely a feature of Defendant's trucks – is not a proposition that is likely to be successful in a motion to dismiss. At the motion to dismiss stage, Plaintiff need only allege the facts mentioned above, or their logical equivalent. The contention that other manufacturers make and UPS buys a similar-looking truck with the similar design features and that Plaintiff therefore cannot prove that it was Defendant's truck that caused Plaintiff's injury is an affirmative defense to liability that is most effectively presented and assessed on a motion for summary judgment.

      In an abundance of caution, the court will grant Defendant's motion to for a more definite statement in the expectation that Plaintiff will spruce up the factual allegations to make the logical connection between Plaintiff's injury and Defendant's truck more express. In doing so, the court realizes the parties may be as interested as the court is in avoiding unnecessary commitments of time and effort to fix pleading deficiencies where the problems are obvious and easily corrected. The court therefore will give the parties the opportunity to agree, if they so desire, to withdraw Defendant's motion to dismiss and to proceed directly to discovery and motions for summary judgment.

      THEREFORE, for the reasons discussed, it is hereby ORDERED that Defendant's motion for a more definite statement is hereby GRANTED. Plaintiff's FAC is here by DISMISSED with leave to amend. Any amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order. Should the parties decide that they wish to proceed to discovery and motions for summary judgment on the current complaint, the parties may file a joint statement of voluntary dismissal of Defendant's motion to dismiss at any time within the twenty-one-day period.

IT IS SO ORDERED.

Dated:   November 29, 2012

UNITED STATES DISTRICT JUDGE